No. 19-20797

# In the United States Court of Appeals for the Fifth Circuit

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

DAYAKAR MOPARTY; HARCHARAN SINGH NARANG,

*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
No. 4:17-cr-290; Hon. Sim Lake, Judge Presiding

**REPLY BRIEF OF APPELLANT NARANG**

---

Seth H. Kretzer
LAW OFFICES OF SETH KRETZER
440 Louisiana Street; Suite 1440
Houston, Texas 77002
[Tel.] (713) 775-3050
seth@kretzerfirm.com

ATTORNEY FOR APPELLANT NARANG

# TABLE OF CONTENTS

Argument ...................................................................................................... 1

I.  The Government Is Incorrect As To the Standard of Review ......................... 1

II. The District Court Reversibly Erred in the Denial of The Motion For Mistrial ................................................................................................ 3

Conclusion ................................................................................................... 5

Certificate of Compliance ............................................................................. 6

Certificate of Service .................................................................................... 6

# TABLE OF AUTHORITIES

Cases

*United States v. Dupre*, 117 F.3d 810 (5th Cir.1997) ................................... 1

*United States v. King*, 505 F.2d 602 (5th Cir. 1974) .................................... 3

*United States v. Prieto*, 505 F.2d 8 (5th Cir. 1974) ...................................... 1

**ARGUMENT**

**I.     THE GOVERNMENT IS INCORRECT AS TO THE STANDARD OF REVIEW**

In opening argument, the following was all that was said about Dr. Sidhu having taken a plea:

> You will also hear that Dr. Sidhu is not in this trial because he has already pled guilty.

ROA.870.

"Good faith on the part of the prosecution is, of course, not the sole measure of the right to confrontation when evidence alluded to in argument does not materialize at trial." *United States v. Prieto*, 505 F.2d 8, 12 (5th Cir. 1974). To the Government's mind, the fact that no objection was lodged at this stage of the trial insulates its wrongdoing at later stages of the trial from meaningful, appellate review.

More specifically, on page 6 of his opening brief, Narang argues that the governing standard of review is for abuse of discretion. "We review the denial of a motion for mistrial for abuse of discretion." *United States v. Dupre*, 117 F.3d 810, 823 (5th Cir.1997). Narang submits that this urged result obtains incident to the oral motions at trial objecting to the Sidhu plea, the post-trial written motions, the Government's written response brief, and Narang's reply brief which sat under submission for several months before Judge Lake issued his lengthy written order [found at ROA.5956-5970].

1

Apparently, all of these oral- and written- arguments were not enough for the Government to concede that error was preserved. Does the Government think the written motions advanced arguments so far afield from those ascribed as a point of error in this appeal that the former did not reach the latter? Oh no, the Government does not make such a contention.

Rather, the Government appears to find some comfort in the fact that prosecutorial misconduct in opening argument did not elicit an objection like it did when the same impermissible data point [the incident of Dr. Sidhu's guilty plea when this terminally ill man was never going to be called as a witness at trial] was flouted to the jury by Agent Lammons. More specifically, the Government argues first that "Because the Defendants did not object to the brief mention of Dr. Sidhu's guilty plea during the Government's opening statement, plain error review applies to that argument." Appellee's Br. at 118. Narang would point out that opening arguments are not evidence; is a defendant to be faulted for taking the Government at their word during opening argument? Here, the Government listed Dr. Sidhu as a witness and the opening statement was its opportunity to describe witnesses it planned to call and evidence that it would offer to prove its theory.

Second, the Government makes an empirical observation that "[a]lthough defendants frequently seek mistrials alleging prosecutorial misconduct, they are rarely granted." Appellee's Br. at 119. In other words, the Government has a

gestalt feeling that because many instances of prosecutorial misconduct do not ultimately predicate appellate reversals, this Court should not create an outlier situation in Narang's case no matter how bad the misconduct may have been.

As a normative matter, Narang submits that if the Government's conduct in this case were really as clean as it claims, the Government would agree to examination under the abuse of discretion standard rather than clinging to its contention of plain error review. As a positive legal matter, this Court must apply the abuse of discretion standard because of the contemporaneous objection- and subsequent written motion- elicited by Agent Lammons' testimony in response to a deliberate and loaded question by the Prosecutor about Dr. Sidhu.

It is through this lens that the framework of *United States v. King*, 505 F.2d 602 (5th Cir. 1974) should review of a prosecutor's introduction of a codefendant's plea.

## II.  THE DISTRICT COURT REVERSIBLY ERRED IN THE DENIAL OF THE MOTION FOR MISTRIAL

There is an alarum on page 123 of the Appellee's response brief. After reviewing the arguments made in its written response to the Motion for Mistrial, it appears that the Government is trying to front-run the fact that the Prosecutors may have held back some important information at the time:

> **The Government *did not mention* that it had told the district court two days before Agent Lammons' testimony that it would not be calling Dr. Sidhu, but then asked Agent Lammons the objectionable question**. The

3

district court also did not reference the prosecutor's earlier statement in its memorandum opinion denying the motion for mistrial, but the court clearly had knowledge of it and took everything into consideration.

Appellee's Br. at 123 (emphasis added).

The Government has agreed to oral argument in this case. Appellee's Br. at i. Narang submits that if the Government is really trying to 'get it all out in the open' at present, the first thing the Government should address at the impending oral argument is whether or not there is anything else it "did not mention" in the trial court- or in this Court- about when it knew it was not going to call Dr. Sidhu but went ahead and asked Agent Lammons that question.

The reality is that the facts the Government concededly "did not mention" run contrary to the position Narang was in when he authored his reply brief to the Government's less-than-fully-accurate response to his motion for mistrial. In that reply, Narang stated:

> The following assurance in the response brief is problematic: "To be clear: the government's lawyers went back and forth on calling Sidhu up to and even on the day the government rested." Doc. No. 188, p. 7. ***Your Defendants have no way to prove or disprove that flat assertion***—other than by noting that the Government's lawyers had explicitly said it would not call Sidhu when Special Agent Lammons testified about Sidhu's guilty plea. More to the point, this assertion is wholly irrelevant to the motion for mistrial.

ROA.5940 (emphasis added).

In other words, it now appears that the Government did not go "back and forth" about calling Dr. Sidhu up to the day the Government rested but in fact "had

4

told the district court two days *before* Agent Lammons' testimony that it would not be calling Dr. Sidhu, but then asked Agent Lammons the objectionable question."

Narang submits that had the Government said in 2019 [in the trial court] what it says in 2021 [in this Court], he would have been able to "prove or disprove that flat assertion" at the time when it could have been catalyzed by Judge Lake in his written order.

Judge Lake concluded "the government can point to no proper purpose for Agent Lammons' testimony. The dubious purpose of at least one of the challenged statements weighs slightly in favor of granting Defendants' Motion." ROA.5965. Once the Government warrants to this Court that it has nailed down its story, abuse of discretion should be found as the ultimate conclusion.

## CONCLUSION

Narang's case must be remanded for a new trial if he prevails on the mistrial issue.

Respectfully submitted,

/s/ Seth Kretzer

_____
Seth H. Kretzer
LAW OFFICES OF SETH KRETZER
440 Louisiana Street
Suite 1440
Houston, Texas 77002
[Tel.] (713) 775-3050

5

COURT-APPOINTED ATTORNEY FOR<br>APPELLANT NARANG

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 1,118 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2.    This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in proportionately spaced typeface using Microsoft® Word 2007 in 14-point Times New Roman type.

/s/ Seth Kretzer

Date: <u>March 22, 2021</u>        _____

Seth H. Kretzer

## CERTIFICATE OF SERVICE

I certify that the Reply Brief of Appellant was filed with the Court by U.S. Mail, and in electronic format through the ECF system on the 22nd day of March, 2021. An electronic copy of the brief was served on counsel of record, as listed below, through the ECF system, on the same date.

/s/ Seth Kretzer<br>_____<br>Seth H. Kretzer